UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Michael E. Farbiarz, U.S.D.J. |
| v. | Crim. No. 25-339 (MEH) |
| ROUZBEH "ROSS" HAGHIGHAT, BEHROUZ "BRUCE" HAGHIGHAT, KIRSTYN M. PEARL, SEYEDFARBOD "FABIO" SABZEVARI, and JAMES D. ROBERGE | SCHEDULING ORDER |

This matter having come before the Court for arraignment; and the United States being represented by Alina Habba, United States Attorney for the District of New Jersey (by John Mezzanotte, Assistant U.S. Attorney, appearing), and Lorinda I. Laryea, Acting Chief of the United States Department of Justice, Criminal Division, Fraud Section (by John J. Liolos, Trial Attorney, appearing); and Defendants Rouzbeh "Ross" Haghighat (Adam J. Fee, Esq., appearing); Behrouz "Bruce" Haghighat (William Coffield, Esq., and Laina Lopez, Esq., appearing), Kirstyn M. Pearl (Sara Kropf, Esq., appearing); Sayedfarbod "Fabio" Sabsevari (Lawrence S. Lustberg, Esq., appearing), and James D. Roberge (Zach Intrater, Esq., appearing); and the parties having met and conferred prior to arraignment and having determined that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 3 of this Court's Standing Order for Criminal Trial Scheduling and Discovery; and the parties having agreed on a

schedule for the exchange of discovery and the filing and argument of pretrial motions; and the Court having accepted such schedule, and for good cause shown,

It is on this __1__ day of __July__, 2025, ORDERED that:

1. The Government shall provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) on a rolling basis, beginning with a production within one week of the Court's entry of a protective order regarding discovery. The Government shall provide substantially all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before **August 1, 2025**.

2. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before **August 1, 2025**. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government.

3. The Defendants shall provide all discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before **August 1, 2025**.

4. The Defendants shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before **August 1, 2025**.

5. The following shall be the schedule for pretrial motions in this matter:

a) The Defendants shall file any and all pretrial motions, pursuant to Federal Rules of Criminal Procedure 12(b) and 41(h), in the manner set forth in L. Civ. R. 7.1, on or before **August 8, 2025**;

   b)  The Government shall file any response to the Defendants' pretrial motions on or before **August 29, 2025**;

   c)  The Defendants shall file any reply on or before **September 12, 2025**;

   d)  Oral argument on pretrial motions shall be held on September 26, 2025 at 10:00 a.m.

6.  The Government shall provide its pre-marked exhibits on or before **October 3, 2025**.

   a)  The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 6(c).

   b)  If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 6(c).

   c)  If the Defendants wish to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Defendants shall file, on or before **October 10, 2025**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the

3

exhibit is being challenged and a certification that the challenge is being made in good faith.

7. The Defendants shall provide their pre-marked exhibits on or before **October 10, 2025**.

    a) The authenticity and chain of custody of the Defendants' pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 7(c).

    b) If the Defendants disclose the scientific analysis of an exhibit that they propose to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 7(c).

    c) If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **October 17, 2025**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

8. The Government shall provide all material to be disclosed under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny, on or before **October 17, 2025**

and shall provide any material to be provided under the Jencks Act, 18 U.S.C. §3500, on or before **October 17, 2025**.

9. The Defendants shall produce all "reverse Jencks" and impeachment material that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before **October 24, 2025**.

10. The Government shall provide a written summary of testimony it intends to introduce as evidence at trial under Fed. R. Evid. 702, 703, and/or 705 on or before **September 26, 2025**.

11. The Defendants shall provide a written summary of any testimony they intend to introduce under Federal Rules of Evidence 702, 703, and/or 705 on or before **October 3, 2025**.

12. The parties shall file any *in limine* motions, addressed to the admissibility of evidence, to include notice of any Rule 404(b) evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A), on or before **October 17, 2025**; responses to such motions may be filed on or before **October 31, 2025**; replies, if any, may be filed on or before **November 7, 2025**; and oral argument on such motions shall be held on a date to be determined by the Court, if necessary.

13. The parties shall file any voir dire requests on or before **November 14, 2025**.

14. The parties shall file a joint statement of the case on or before **November 14, 2025**.

15. The parties shall file any proposed verdict sheets on or before **November 14, 2025**.

16. The Government shall file all requests to charge on or before **November 14, 2025**. The Defendants shall file all requests to charge or objections to the Government's requests to charge on or before **November 21, 2025**.

17. Jury selection shall commence on **November 19, 2025**, at 9:00 a.m. and continue if needed through **November 21, 2025**.

18. Trial shall commence on **December 1, 2025**.

_____
Honorable Michael E. Farbiarz
United States District Judge