## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Hon. Michael E. Farbiarz |
| v. | : | |
| | : | Crim. No. 25-339 |
| ROUZBEH "ROSS" HAGHIGHAT, | : | |
| BEHROUZ "BRUCE" HAGHIGHAT, | : | |
| KIRSTYN M. PEARL, | : | |
| SEYEDFARBOD "FABIO" SABZEVARI, | : | |
| and | : | |
| JAMES D. ROBERGE | : | |
| | : | |

## United States' Motion to Authorize Alternative Victim Notification Procedures

The United States, through undersigned counsel, respectfully moves this Court, under 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of potential crime victims in this case makes it impracticable to notify victims on an individualized basis. The Defendants have not stated a position on the motion.[1] In support of its motion, the United States states the following:

---

[1] The United States provided defense counsel with a draft of the motion on June 11, 2025, and asked for the Defendants' positions. The United States also provided counsel for Defendant Pearl with a draft on June 16, 2025, the day counsel appeared in the case, and similarly sought the Defendant's position. The United States has not received substantive replies.

1. The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). In cases involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

2. The United States respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of potential crime victims.

3. On April 28, 2025, Defendant Rouzbeh "Ross" Haghighat, a former Director on the Board of Directors of Company-1, was charged in a one-count complaint with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371. On May 22, 2025, Defendants Ross Haghighat, Behrouz "Bruce" Haghighat, Kirstyn M. Pearl, Seyedfarbod "Fabio" Sabzevari, and James D. Roberge were charged by indictment with one count of securities fraud in violation of Title 18, United States Code, Section 1348 and Title 18, United States Code, Section 2, and various counts of securities fraud in violation of Title 15, United States Code, Section 78j(b)

and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2. Defendants Ross Haghighat, Bruce Haghighat, and Kirstyn Pearl were also charged with counts of conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 1349. According to the indictment, from May through November 2023, the Defendants engaged in a scheme to commit insider trading by utilizing material non-public information ("MNPI") Defendant Ross Haghighat possessed by virtue of his roles at Company-1. Namely, the indictment charges the Defendants with trading on the basis of, and/or tipping with the expectation of trading and for personal benefit, MNPI about Company-1's proposed merger with Company-2.

4. Because of the nature of the alleged scheme, there are numerous potential victims. Collectively, the Defendants made numerous purchases of Company-1 securities in different accounts across various days in May and early June 2023, when the proposed merger between Company-1 and Company-2 was confidential. Thus, the United States believes the trades may have affected many dozens or hundreds of potential counterparties and other market participants—all potential crime victims—who traded Company-1 securities during the relevant period. Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the United States to, among other things, identify and provide individualized notice to each potential crime

victim under 18 U.S.C. § 3771(a); *see also* U.S. Sentencing Guidelines § 2B1.4

application note, Bck. (explaining that insider trading "victims and their

losses are difficult if not impossible to identify").

5.  As an alternative procedure to notify potential crime victims in this case, the

    United States proposes that it maintain a public Department of Justice

    website at https://www.justice.gov/criminal/criminal-vns/case/united-states-v-

    rouzbeh-ross-haghighat-et-al. The website would provide a summary of the

    case, information regarding the case's status, and other significant case-

    related documents, such as the charging documents and upcoming court

    hearings. The website also would contain an e-mail address and telephone

    number for a Victim Assistance Line through which individual potential

    crime victims could contact the Department of Justice with questions

    regarding the case.

6.  Courts have authorized the use of a website by the Government to notify

    potential crime victims under the CVRA in other complex fraud cases that

    involved numerous potential victims, including cases with potential victims of

    conduct similar to that in this case. *See United States v. Chappell*, 1:24-cr-

    243-KMW, Dkt. No. 19 (Feb. 28, 2025 D.N.J.) (permitting victim notification

    in insider trading case); *United States v. Schessel*, 2:22-cr-374-ES, Dkt. No. 31

    (D.N.J. Nov. 21, 2022) (permitting victim notification via website in case

    charging a securities fraud scheme against former public company CEO

    alleged to have made false and misleading statements about order for

COVID-19 test kits); *see also United States v. Peizer*, 2:23-cr-000089, Dkt. No.

46 (C.D. Cal. Apr. 24, 2023) (granting motion to permit victim notification

through use of a website in a Rule 10b5-1 plan insider trading case involving

potentially hundreds of unknown victims in the securities market); *United

States v. Zhao*, 1:18-cr-24, Dkt. No. 53 (N.D. Ill. Jan. 23, 2019) (permitting

notification of potential victims of spoofing through publication on a

Department of Justice website as an alternative means of individualized

notice); *United States v. Elbaz*, 18-CR-157-TDC, Dkt. No. 89 (D. Md. Nov. 5,

2018) (granting motion to permit victim notification through the use of a

website in a case involving an alleged conspiracy to defraud investors in

binary options); *United States v. Babich*, No. CR 16-10343-ADB, 2017 WL

8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification

procedures appropriate, including the use of websites, in a fraud case

involving a four-and-a-half year conspiracy where the government "had

positively identified approximately 30 victims and potentially there were

thousands of victims"); *United States v. Saltsman*, No. 07-CR-641 (NGG),

2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the large number of

potential alleged crime victims, notification by publication [on the U.S.

Attorney's Office website or a Department of Justice website] is a reasonable

procedure that will both give effect to the [statute] and will not unduly

complicate or prolong the proceedings.").

5

7. The United States attempted to confer with counsel for Defendants, who did not provide substantive responses.

8. WHEREFORE, the United States respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the United States to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

DATE:    July 8, 2025


LORINDA I. LARYEA                          ALINA HABBA
Acting Chief, Fraud Section                United States Attorney


 */s/ John J. Liolos*                       */s/ John Mezzanotte*
John J. Liolos                              John Mezzanotte
Trial Attorney                              Assistant U.S. Attorney
Fraud Section                               District of New Jersey


6

## Certificate of Service

I certify that on July 8, 2025, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.


Dated: July 8, 2025


*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section