

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

July 11, 2025

**Via ECF**

Honorable Michael E. Farbiarz, U.S.D.J.
District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square, Newark, New Jersey 07102

Re: *United States v. Haghighat, et al.*, **Crim. No. 25-339**

Dear Judge Farbiarz:

Please accept this letter on behalf of all Defendants pursuant to Your Honor's Order (ECF No. 66). Defendants respectfully oppose the Government's Motion to Authorize Alternative Victim Notification Procedures under the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "CVRA") (ECF No. 65), which should be denied.

*First*, any notification is unwarranted, as there are no "crime victims" in this case. Only "a person directly and proximately harmed as a result of the commission of a Federal offense" qualifies as a "crime victim." 18 U.S.C. § 3771(e)(2). Direct and proximate harm requires that the purported victim's injuries be both "caused by the specific conduct that is the basis" and "a foreseeable consequence" of the alleged crimes. *United States v. Thuna*, 382 F. Supp. 3d 166, 170 (D.P.R. 2019); *United States v. Schessel*, 2022 U.S. Dist. LEXIS 210836, *7-8 & n.3 (D.N.J. Nov. 21, 2022). The Government does not—because it cannot—identify an injury to any victim that resulted from Defendants' alleged conduct or that has the requisite causal link. Further, none of the rights afforded to crime victims under 18 U.S.C. § 3771(a) apply here. And the cases cited in the Government's motion are not to the contrary: each involved some type of loss caused by fraud—for example, by providing false information, engaging in market manipulation, or making fraudulent investments, none of which is alleged here. *See, e.g.*, *United States v. Chappell*, No. 1:24-cr-243-KMW, ECF No. 1 (Indictment) (D.N.J. Apr. 8, 2024) (alleging that defendant-executive suppressed negative material information and sold shares before disclosure, and stock price declined 50% once information was public).

*Second*, particularly given the lack of any victims, the DOJ's website poses an unnecessary risk of tainting the jury pool and thus denying Defendants a fair trial. For this reason, "courts have imposed certain restrictions on [] alternative notification procedures" under the CVRA. *Schessel*, 2022 U.S. Dist. LEXIS 210836, at *11. Here, the website provides a detailed, three-paragraph summary of the allegations in this case that is beyond what the law allows. *See id*.

If the Court is nevertheless inclined to entertain the Government's motion, Defendants respectfully request the opportunity to submit fuller briefing in opposition.

Respectfully submitted,
*s/ Lawrence S. Lustberg*
Lawrence S. Lustberg