UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Hon. Michael E. Farbiarz |
| : | |
| ROUZBEH "ROSS" HAGHIGHAT, : | Crim. No. 25-339 |
| BEHROUZ "BRUCE" HAGHIGHAT, : | |
| KIRSTYN M. PEARL, : | |
| SEYEDFARBOD "FABIO" SABZEVARI, : | |
| and : | |
| JAMES D. ROBERGE : | |

**UNITED STATES' FILTER TEAM'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 502(D) OF THE FEDERAL RULES OF EVIDENCE**

**BACKGROUND AND REASONS TO GRANT THE MOTION**

The Government's Filter Team[1] moves this Court to authorize a limited release, in unredacted form, to defendants and the Prosecution Team, of 17 documents currently segregated from the Prosecution Team. These items were produced by defendant Rouzbeh Haghighat's former employer, a national defense contractor, which the Indictment identifies as "Company-3." All 17 items concern the transaction between Company-

---

[1] The Filter Team attorney in this case is DOJ Trial Attorney Steven S. Michaels. He is assigned to the Criminal Division, Fraud Section's Special Matters Unit and has a separate reporting and supervisory chain from the Prosecution Team. He is supported by paralegals and other professional staff who are also not part of the Prosecution Team herein.

1 and Company-2 at the center of this case. Company-1 and/or Company-2 have asserted privilege over parts of the 17 documents at issue. The Prosecution Team has requested that this motion be filed as the material may be subject to the Government's discovery obligations or may otherwise be of import to the prosecution.

This motion is not opposed by the ostensible privilege holders – Company-1 and/or Company-2, who were provided the appended Proposed Order. The Filter Team also provided that Proposed Order to, and solicited statements of "no opposition" from, defense counsel, who represented on July 30, 2025 that they "do not oppose the procedure set out in the proposed order" and "otherwise reserve all rights." *See* Ex. 1.

Under the Filter Team's appended Proposed Order, the 17 documents would be provided to the Prosecution Team and the defense for non-public use. If either a defendant or the Government wish to use any at-issue document in a way that may lead to its use in public proceedings, the Proposed Order requires further proceedings at which potential privilege holders would have the opportunity to intervene and the parties would brief the issues *in camera*. Pending that process, the relief sought would provide protection against such public use in this

2

case, as well as Federal Rule of Evidence 502(d) non-waiver protection in any other state or federal proceedings. *See* Proposed Order at 3-4. This type of relief has been entered in other situations in which third-party documents are potentially relevant in federal criminal matters but in which courts have sculpted relief to minimize the disclosure of documents that may be subject to claims of privilege while counsel review documents to determine what they believe is needed for use at trial, on motions, or otherwise publicly. *See, e.g.*, *United States v. Gupta*, No. 20-CR-773, Dkts. 113 and 127 (D.N.J. orders filed May 16 and Aug. 22, 2023), Ex. 2.[2]

Because Company-1 and Company-2, as well as all defendants, do not oppose the relief sought on this Motion, the relief requested allows the Court to defer addressing issues pertaining to privilege until a party seeks to use any at-issue items publicly. The Motion also allows the

---

[2] *Accord, United States v. Reis*, No. 4:24-CR-0287-O, Dkts. 64 and 80 (N.D. Tex. orders filed Feb. 24 and Mar. 26, 2025); *United States v. Perez-Paris*, No. 1:24-CR-20155, Dkt. 177 (S.D. Fla. order filed Feb. 3, 2025); *United States v. Moore*, No. 22-CR-0014, Dkts. 92 and 110 (S.D. Ga. orders filed Feb. 9 and Aug. 27, 2024); *United States v. Young*, No. 3:21-CR-00417-X, Dkts. 87, 96, 99 (N.D. Tex. orders filed June 26, and Aug. 9 and 23, 2023); *United States v. Toya*, No. 2:20-CR-20452, Dkt. 31 (E.D. Mich. order filed June 29, 2023). *See also United States v. Fluitt*, 99 F.4th 653 (5th Cir. 2024) (affirming such relief following District Court's finding the relevant third parties' privilege logs were defective)

Court to defer the need to address whether a defendant's Sixth Amendment right to present a complete defense overrides common law claims of privilege. *Compare United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1137-1141 (D. Mont. 2006) (balancing exculpatory value of privilege-claimed items against an assertion of privilege), *with United States v. Milton*, 626 F. Supp. 3d 694, 703 (S.D.N.Y. 2022) (noting doubts regarding *Grace*; defense "provided no binding authority holding that privileged communications become discoverable simply because a defendant wishes to use those communications in his defense").

## CONCLUSION

For the reasons above, the Court should grant the Filter Team's Motion and authorize the release as set out in the Proposed Order. The Filter Team reserves all of the Government's rights to challenge privilege in the event of future proceedings that may arise if the Motion is granted.

    Respectfully submitted,

    ALINA HABBA
    United States Attorney

    LORINDA I. LARYEA
    Acting Chief, Criminal Division,
    Fraud Section
    U.S. Department of Justice

>							By:	*/s/ Steven S. Michaels*
>								STEVEN S. MICHAELS
>								Trial Attorney
>								Special Matters Unit
>								U.S. Department of Justice
>								Criminal Division, Fraud Section
>								1400 New York Avenue, N.W.
>								Washington, DC 20005
>								(202) 615 1483
>								Steven.Michaels@usdoj.gov

Dated: July 31, 2025

## CERTIFICATE OF SERVICE

I certify that on July 31, 2025, I electronically filed the foregoing United States' Filter Team's Motion for Entry of an Order Pursuant to Rule 502(d) of the Federal Rules of Evidence, together with a Proposed Order and Exhibits 1 and 2, with the Clerk of Court for the United States District Court for the District of New Jersey, using the CM/ECF system. I also served counsel for the potential privilege holders at the email address below:

| Potential Privilege Holder | Potential Privilege Holder Counsel | Counsel Email |
|---|---|---|
| Company-1 and Company 2 | John Partridge, Esq. | jpartridge@gibsondunn.com |

       /s/ *Steven S. Michaels*
       Steven S. Michaels
       Trial Attorney