# EXHIBIT 2

Order [Granting U.S. Filter Team's Motion for Entry of an Order Pursuant to Rule 502(d) of the Federal Rules of Evidence], Dkt. 113, *United States v. Gupta*, No. 20-CR-773 (MCA) (D.N.J. filed May 16, 2023); and

Order [Granting U.S. Filter Team's Third Motion for Entry of an Order Pursuant to Rule 502(d) of the Federal Rules of Evidence], Dkt. 127, *id.* (D.N.J. filed Aug. 22, 2023)

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **NO. 20-cr-773 (MCA)** |
| | § | |
| **ADARSH GUPTA,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## `` ORDER

Having considered the United States' Filter Team's Motion for Entry of an Order Pursuant to Rule 502(d) of the Federal Rules of Evidence ("Filter Team's Rule 502(d) Motion"), and for good cause shown,

IT IS HEREBY ORDERED THAT the Filter Team's Rule 502(d) Motion is GRANTED.

IT IS FURTHER ORDERED THAT:

The United States' Filter Team is authorized to release to the defendant in discovery and to members of the Prosecution Team as specified below the following material, as described more fully in the Filter Team's Rule 502(d) Motion, and consisting of approximately 1,096 documents (including so-called document-family members) as

to whom the following persons may be potential privilege holders: (1) Creghan Harry; (2) Elliot Loewenstern; (3) Anthony Percivalle; and (4) Lester Stockett. The Court is satisfied that the materials are appropriate and necessary to release to the defense and the Prosecution Team in light of the Government's notice to the defense in this matter that Randy Swackhammer, Alleyne Smith, and JR Jalil may be witnesses at trial. The ostensible privilege holders, through their counsel, have been given notice of the relief sought herein by the Filter Team in this matter and the Court finds that their interests will be duly protected by the Rule 502(d) disclosure ordered hereby.

The Filter Team's release of said material to defendant in this matter and to the Prosecution Team shall not constitute or be deemed a waiver or forfeiture of any claim of the attorney-client privilege or any other legally cognizable privilege, or a subject matter waiver, in any other federal or state proceeding. The Filter Team is further instructed to release the materials addressed by the Filter Team's Rule 502(d) Motion solely to those members of the Prosecution Team in this proceeding who are also not members of the Prosecution Team in *United States v. Harry*, No. 2:19-CR-00246, pending in this Court. The Prosecution Team in this proceeding shall take appropriate steps

to limit the distribution of the materials covered by this Order so that members of the Prosecution Team in this proceeding who are members of the Prosecution Team in *United States v. Harry*, *supra*, do not have access to the materials that are addressed by this Order.

Before using any of the documents addressed by this motion (1) at trial, (2) in public pre-trial proceedings, or (3) in a manner that may lead otherwise to public disclosure, or disclosure to members of the Prosecution Team in *United States v. Harry*, defendant in this proceeding shall give two weeks' notice prior to any such intended use to (1) the Filter Team, and (2) to the members of the Prosecution Team in this proceeding who are not members of the Prosecution Team in *United States v. Harry*. Should the status of the documents at issue be litigated further in *United States v. Harry*, the Prosecution Team will provide due notice of that action to the defendant herein and advise the Court of such further steps in this matter as may be appropriate.

Except as expressly supplemented hereby, the provisions of the Protective Order in this matter (Dkt. 31) shall remain fully in effect.

Nothing herein shall preclude the ostensible privilege holders identified above and in the Filter Team's Rule 502(d) Motion from

asserting privilege or other claims against discovery, disclosure or use at trial over said material in any other federal or state proceeding.

It is, therefore, SO ORDERED in Chambers at Newark, New Jersey this ____ day of May, 2023.

HON. MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 20-cr-773 (MCA)** |
| | § | |
| **ADARSH GUPTA,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## [~~PROPOSED~~] ORDER

Having considered the United States' Filter Team's Third Motion for Entry of an Order Pursuant to Rule 502(d) of the Federal Rules of Evidence ("Filter Team's Third Rule 502(d) Motion"), and for good cause shown,

IT IS HEREBY ORDERED THAT the Filter Team's Third Rule 502(d) Motion is GRANTED.

IT IS FURTHER ORDERED THAT:

The United States' Filter Team is authorized to release to the defendant in discovery and to members of the Prosecution Team as specified below the following material, as described more fully in the Filter Team's Rule 502(d) Motion, and consisting of an additional approximately 241 documents (including so-called document-family

members) as to whom the following persons may be potential privilege holders: (1) Creaghan Harry; (2) Elliot Loewenstern; (3) Anthony Percivalle; and (4) Lester Stockett. The Court is satisfied that the materials are appropriate and necessary to release to the defense and the Prosecution Team in light of the Government's notice to the defense in this matter that Randy Swackhammer, Alleyne Smith, and JR Jalil may be witnesses at trial. The ostensible privilege holders, through their counsel, have been given notice of the relief sought herein by the Filter Team in this matter and the Court finds that their interests will be duly protected by the Rule 502(d) disclosure ordered hereby.

The Filter Team's release of said material to defendant in this matter and to the Prosecution Team shall not constitute or be deemed a waiver or forfeiture of any claim of the attorney-client privilege or any other legally cognizable privilege, or a subject matter waiver, in any other federal or state proceeding. The Filter Team is further instructed to release the materials addressed by the Filter Team's Rule 502(d) Motion solely to those members of the Prosecution Team in this proceeding who are also not members of the Prosecution Team in *United States v. Harry*, No. 2:19-CR-00246, pending in this Court.

The Prosecution Team in this proceeding shall take appropriate steps to limit the distribution of the materials covered by this Order so that members of the Prosecution Team in this proceeding who are members of the Prosecution Team in *United States v. Harry*, *supra*, do not have access to the materials that are addressed by this Order.

Before using any of the documents addressed by this motion (1) at trial, (2) in public pre-trial proceedings, or (3) in a manner that may lead otherwise to public disclosure, or disclosure to members of the Prosecution Team in *United States v. Harry*, defendant in this proceeding shall give two weeks' notice prior to any such intended use to (1) the Filter Team, and (2) to the members of the Prosecution Team in this proceeding who are not members of the Prosecution Team in *United States v. Harry.* Should the status of the documents at issue be litigated further in *United States v. Harry*, the Prosecution Team will provide due notice of that action to the defendant herein and advise the Court of such further steps in this matter as may be appropriate.

Except as expressly supplemented hereby, the provisions of the Protective Order in this matter (Dkt. 31) shall remain fully in effect.

Nothing herein shall preclude the ostensible privilege holders identified above and in the Filter Team's Third Rule 502(d) Motion from asserting privilege or other claims against discovery, disclosure or use at trial over said material in any other federal or state proceeding.

It is, therefore, SO ORDERED in Chambers at Newark, New Jersey this 22nd day of August, 2023.


_____
HON. MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE