# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Hon. Michael E. Farbiarz |
| | : |
| ROUZBEH "ROSS" HAGHIGHAT, | : Crim. No. 25-339 |
| BEHROUZ "BRUCE" HAGHIGHAT, | : |
| KIRSTYN M. PEARL, | : |
| SEYEDFARBOD "FABIO" SABZEVARI, | : |
| and | : |
| JAMES D. ROBERGE | : |

## ORDER

Having considered the United States' Filter Team's Motion for Entry of an Order Pursuant to Rule 502(d) of the Federal Rules of Evidence ("Filter Team's Rule 502(d) Motion"), and for good cause shown,

IT IS HEREBY ORDERED THAT the Filter Team's Rule 502(d) Motion is GRANTED.

IT IS FURTHER ORDERED THAT:

The United States' Filter Team is authorized to release to the defendants in discovery and to members of the Prosecution Team as specified below the following material, as described more fully in the Filter Team's Rule 502(d) Motion, and consisting of approximately 17 documents (including so-called document-family members) as to which

Company-1 or Company-2, as described in the Indictment (Dkt. 10), may be potential privilege holders.

The Court is satisfied that the materials are appropriate and necessary to release to the defense and the Prosecution Team in light of the fact that these documents involved communications to or from defendant Haghighat and were sent or received on the email platform of Company-3 as described in the Indictment and during the period covered by the Indictment. The items in the group of 17 documents noted above pertain to the securities transaction that is the focus of the Indictment. The ostensible privilege holders, through their counsel, have been given notice of the relief sought by the Filter Team and communicated to the Filter Team that they do not oppose the relief sought. The Court finds that their interests will be duly protected by the Rule 502(d) disclosure ordered hereby and that the relief sought is otherwise appropriate.

The Filter Team's release of said material to defendants in this matter and to the Prosecution Team shall not constitute or be deemed a waiver or forfeiture of any claim of the attorney-client privilege or any other legally cognizable privilege, or a subject matter waiver, in any other federal or state proceeding.

Before using any of the documents addressed by this motion (1) at trial, (2) in public pre-trial proceedings, or (3) in a manner that may lead otherwise to public disclosure, defendants and the Prosecution Team in this proceeding shall give two weeks' notice to all other parties of record, the Filter Team, and counsel for the potential privilege holders as identified by the Filter Team in the Certificate of Service of its Motion. Should any potential privilege holder object to such use, it may move within three days of such notice to intervene and to seek an appropriate further protective order; the non-moving parties (including the Prosecution Team or any defendant) may oppose such motion or make such other filing as appropriate (such as a request to this Court to authorize the use, as well, of one or more other documents covered by the provisions of this Order) within three days of service of any such motion.

Unless otherwise ordered, such motion practice shall proceed *in camera* and under seal.  The moving potential privilege holder(s) and the parties shall brief the standing of the potential privilege holder(s) to claim privilege or protection, the merits of any claims of privilege or protection, the need for the proposed use(s), any claims that privilege

3

should be overruled on the basis of the Constitution or other relevant law, and, to the extent relevant, the admissibility of the documents at issue.

Except as expressly supplemented hereby, the provisions of the Protective Order in this matter (Dkt. 52) shall remain fully in effect.

Nothing herein shall preclude the ostensible privilege holders identified above and in the Filter Team's Rule 502(d) Motion from asserting privilege or other claims against discovery, disclosure or use at trial over said material in any other federal or state proceeding.

It is, therefore, SO ORDERED in Chambers at Newark, New Jersey this 29 day of September, 2025.

_____
HON. MICHAEL E. FARBIARZ
UNITED STATES DISTRICT JUDGE